IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **CHRISTINA MATHEWS,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. CIV-21-1023-R |
| | ) | |
| **ABOUTANAA ELHABTE,** | ) | |
| **MBCC Warden,** | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Before the Court is Magistrate Judge Shon T. Erwin's Report and Recommendation. Doc. No. 10. Judge Erwin reasons the Court should dismiss Petitioner Christina Mathews' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [Doc. No. 1] because (1) ground one is not cognizable in a habeas petition; (2) the remainder of the petition is untimely. *Id.* at 1. Petitioner has timely filed her Objection [Doc. No. 11] and the matter is ripe for decision. On *de novo* review, the Court finds as follows:

Judge Erwin recommends the Court dismiss Petitioner's claim as untimely pursuant to 28 U.S.C. § 2244(d)(1)(A) because she filed it after the statutory one-year limitations period. Doc. No. 10 at 12. According to Judge Erwin's reasoning, Ms. Mathew's conviction became final on March 19, 2018, and she therefore had until March 19, 2019, to file her habeas petition, absent tolling. *Id.* He concluded that Ms. Mathews failed to demonstrate that any form of tolling applied to her Petition, and therefore it is barred because she did not file it until October 19, 2021. *Id.*

Petitioner's only objection to the Report and Recommendation is that Judge Erwin erroneously found that she was not a member of an Indian tribe. Doc. No. 11 at 1. The Court has thoroughly examined the Report and Recommendation and has found no such assertion or conclusion. Judge Erwin evaluated Petitioner's claim on the merits based on the finding that Ms. Mathews is a member of a Native American tribe.

Even had Judge Erwin found Petitioner is not a member of an Indian tribe, her tribal status is irrelevant to her petition. As Judge Erwin correctly noted, *McGirt v. Oklahoma*, ___ U.S. ___, 140 S. Ct. 2452 (2020), does not allow Ms. Mathews any more time to file her petition. Indeed, this Court and other "[c]ourts in this Circuit . . . have rejected the proposition that the date of the *McGirt* decision should be used as the commencement date . . . for habeas challenges to state-court jurisdiction." *Jones v. Pettigrew*, No. CIV-18-633-G, 2021 WL 3854755, at *3 (W.D. Okla. Aug. 27, 2021) (citing *Littlejohn v. Crow*, No. 18-CV-477-CVE-JFJ, 2021 WL 3074171, at *5 (N.D. Okla. July 20, 2021) (". . . the Supreme Court did not recognize any constitutional rights in *McGirt*"); *Sanders v. Pettigrew*, No. CIV-20-350-RAW-KEW, 2021 WL 3291792, at *5 (E.D. Okla. Aug. 2, 2021) (concluding that *McGirt* "did not break any new ground" or "recognize a new constitutional right, much less a retroactive one"); in accord with *Berry v. Braggs*, No. 19-CV-706-GKF-FHM, 2020 WL 6205849, at *7 (N.D. Okla. Oct. 22, 2020) ("the *McGirt* ruling did not recognize any new constitutional right relevant to petitioner's jurisdictional claim . . . .")).

The Tenth Circuit has addressed *McGirt* in a different context and expressed doubt that the decision presented a new rule of constitutional law. *See* Order, *In re Morgan*, No.

20-6123 (10th Cir. Sept. 18, 2020) (denying authorization to file a second or successive § 2254 habeas petition where the petitioner relied on *McGirt*). The Tenth Circuit went on to conclude that "even if *McGirt* did present a new rule of constitutional law," "the Supreme Court has not held that *McGirt* is retroactive," and "the only way the Supreme Court could make a rule retroactively applicable is through a holding to that effect." *Id*. at 4; *see also Jones*, 2021 WL 3854755, at *3, n.1 (same). Additionally, the Supreme Court recently denied Petitions for Writ of Certiorari in three cases in which petitioners were challenging state court rulings that *McGirt* was not retroactive. *State ex. rel. Matloff v. Wallace*, 497 P.3d 686 (Okla. Crim. App. 2021), cert. denied, *Parish v. Okla.*, __ S.Ct. __, 2022 WL 89297 (Jan. 10, 2022); *Davis v. Okla.*, __ S.Ct. __, 2022 WL 89459 (Jan. 10, 2022); *Compelleebee v. Okla.*, __ S.Ct. __, 2022 WL 89454 (Jan. 10, 2022). Therefore, the Court ADOPTS Judge Erwin's Report and Recommendation and DISMISSES the petition as untimely.

IT IS SO ORDERED this 7th day of February 2022.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE